## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Carolyn Headley

v.

Commonwealth of Virginia et al.

October 25, 1996

Case No. CL95-414

BY JUDGE WILLIAM H. LEDBETTER, JR.

After a jury awarded her $5,000.00 for injuries sustained in an automobile accident, the plaintiff asked the court to set aside the verdict and order a new trial on the issue of damages or require an additur under 8.01-383.1(B). This opinion address that post-verdict motion.

### Background

This litigation is the consequence of an automobile collision that occurred at an intersection on Route 208 in Spotsylvania County on March 14, 1994. Headley was injured when her car was broadsided by a vehicle operated by Knowlton. Knowlton, an investigator with the Virginia Alcoholic Beverage Control Board, admitted that he ran a red traffic light and struck the Headley auto, causing it to overturn. (It was conceded at trial that Knowlton was an employee of the Commonwealth and that he was acting within the scope of his employment as an ABC officer at the time of the accident.)

At the conclusion of the evidence, the court granted the plaintiff's motion for partial summary judgment on the issue of liability, and the case was submitted to the jury on the issue of damages only. The jury assessed Headley's damages at $5,000.00.

### Decision

The law wisely leaves the assessment of damages in personal injuries cases, as a rule, to juries. The verdict of the jury, arrived at upon competent evidence and controlled by proper instructions, has been held to be

inviolate against disturbance by the courts. *Taylor v. Maritime Overseas Corp.*, 224 Va. 562 (1983). Nevertheless, judges have the power and are charged with the duty of setting aside verdicts where the damages are either so excessive or so inadequate as to shock the conscience and to create the impression that the jury was actuated by prejudice or passion or must have misunderstood the facts or the law which should have guided them to a just conclusion. See, e.g., *Rawle v. McIlhenny*, 163 Va. 735 (1934); 5C M.J., *Damages*, §§ 56 and 57; Friend, *Personal Injury Law in Virginia*, § 13.3.1 (1990). See also Virginia Code § 8.01-383. Alternatively, the court may order additur or remittitur. Virginia Code § 8.01-383.1.

As noted above, there was no real dispute about liability. Further, there was no real dispute that Headley sustained injuries as a result of the collision. She suffered fractured ribs, a cervical strain, and a groin strain. The defendants presented no *direct* evidence to contradict Headley's evidence regarding these injuries. The defendants conceded that her medical expenses totalled $1,719.69. Pl. Ex. # 3. However, there was a dispute about the extent and duration of the injuries. Based on the defense's cross-examination of Headley and her witnesses, including her physician, the jury could have decided, without prejudice or passion, or without misconceiving the evidence or the instructions, that the degree of suffering — mental anguish, pain, inconvenience, and the other "intangibles" — was not as great in degree or duration as Headley claimed. In sum, there was a rational basis for the jury's award.

The trial judge cannot substitute himself or herself for the jurors and weigh the evidence in considering an attack on the verdict. Rather, the judge is limited to deciding whether the alleged excessiveness or inadequacy of the verdict is so great as to shock the conscience, obligating the court to step in and correct an injustice. This is not such a case.

The plaintiff also points to a particular incident that occurred during the trial as an indication that the jury was improperly influenced.

Before the evidence had been completed, a juror indicated that he had a question. The court suggested that the juror hold the question until the end of the testimony. By the time the juror was recognized by the court, the issue of liability had been taken from the jury by partial summary judgment and the jury had been told that its sole responsibility was to assess damages. The juror told the court that the question he had wanted to ask was whether the plaintiff was wearing a seat belt. The court instructed the

jury that the question was irrelevant and should not be considered in determining damages.

The plaintiff's motion for additur as well as the court's trial order are misleading insofar as they may give the impression that the juror asked the question about the seat belt *after* the court had stricken the issue of liability. In fact, the juror wanted to ask the question at the beginning of the trial. He asked it at the conclusion of the evidence and after instructions had been given only because it was solicited, as a courtesy to the juror, by the court. There is nothing to suggest that the seat belt question was something that the juror still wanted to address at the end of the trial, and there is nothing to suggest that the jurors refused to heed the court's direction that the matter was irrelevant and was not to be considered.

Accordingly, Headley's motion will be denied and the judgment order of October 18, 1996, reflecting the rulings at trial on September 26, 1996, remains in effect.